IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES LORENZO ROBINSON,

    Plaintiff,

v.

BULLOCH COUNTY CORRECTIONAL
INSTITUTION and Cpl. JAMES
HARDIN,

    Defendants.

CIVIL ACTION NO.: CV607-021

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at the Bulloch County Correctional Institute in Statesboro, Georgia, filed a complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652, 654 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). <u>Mitchell</u>, 112 F.3d at 1490. The court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. <u>Hughes v. Rowe</u>, 449 U.S. 5, 10, 101 S. Ct. 173, 176, 66 L. Ed. 2d 163, 169-70 (1980); <u>Mitchell</u>, 112 F.3d at 1490. While the court in <u>Mitchell</u> interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that upon entering the Bulloch County Correctional Institute on December 28, 2006, Defendant Hardin forced him to drink poisonous "lice killer." Plaintiff alleges that as a result, he became sick. Plaintiff asserts that he was treated by a doctor for the poisoning during the next month due to irritation of his stomach and intestines.

Plaintiff has named the Bulloch County Correctional Institution as a Defendant. While local governments qualify as "persons" to whom section 1983 applies, <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 663, 98 S. Ct. 2018, 2022, 56 L. Ed. 2d 611 (1978), a jail is a mere arm of such a government, and is not generally considered a legal entity

subject to suit. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). Accordingly, Plaintiff cannot state a claim against Bulloch County Correctional Institution, as it is merely the vehicle through which the county houses inmates and is not a proper party defendant.

Plaintiff's claim against Defendant Hardin is addressed in an Order of even date.

## CONCLUSION

It is my **RECOMMENDATION** that Plaintiff's claim against the Bulloch County Correctional Institution be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 1st day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE